IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CARLOS E. MARTINEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-1049  KBM/RHS |
| | ) | |
| GREAT SOUTHWEST COUNCIL- | ) | |
| BOY SCOUTS OF AMERICA, and | ) | |
| CHRIS SHELBY, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT FOR DAMAGES FROM GENDER DISCRIMINATION, NATIONAL ORIGIN DISCRIMINATION, AND BREACHES OF AN IMPLIED CONTRACT OF EMPLOYMENT**

COME NOW Great Southwest Council - Boy Scouts of America ("GSC-BSA") and Chris Shelby, individually, by and through their counsel of record Keleher & McLeod, PA (S. Charles Archuleta and Benjamin Feuchter), and hereby state the following as their Answer to Complaint for Damages from Gender Discrimination, National Origin Discrimination, and Breaches of an Implied Contract of Employment ("Complaint"):

**RESPONSES TO ALLEGATIONS**

**JURISDICTION**

1. Paragraph 1 sets forth a conclusion of law to which no answer is required.  To the extent one may be determined to be required, Defendants are without sufficient information to admit or deny, and therefore denies the allegations in this paragraph.

2. Regarding paragraph 2, Defendants are without sufficient information to admit or deny, and therefore deny the allegations in this paragraph.

3. Defendants admit the allegations set forth in Paragraph 3.

4. Regarding Paragraph 4, Defendants admit that the Charge referred to was filed on or about December 17, 2012 and deny any of the allegations of, or associated with, any discrimination within the Charge.

5. Defendants deny the allegations in Paragraph 5. Defendants state an Order of Non-determination closing Plaintiff's administrative complaint with prejudice and with no finding that any discrimination occurred regarding Plaintiff's Charge was issued on August 6, 2013 by the EEOC. Defendants admit the Federal Court records indicate the Complaint was filed on November 28, 2013.

6. Paragraph 6 sets forth a conclusion of law to which no answer is required. To the extent one may be determined to be required, Defendants are without sufficient information to admit or deny, and therefore denies the allegations in this paragraph.

7. Paragraph 7 sets forth a conclusion of law to which no answer is required. To the extent one may be determined to be required, Defendants are without sufficient information to admit or deny, and therefore denies the allegations in this paragraph.

8. Paragraph 8 sets forth a conclusion of law to which no answer is required. To the extent one may be determined to be required, Defendants are without sufficient information to admit or deny, and therefore denies the allegations in this paragraph.

9. Paragraph 9 sets forth a conclusion of law to which no answer is required. To the extent one may be determined to be required, Defendants are without sufficient information to admit or deny, and therefore denies the allegations in this paragraph.

## FACTUAL ALLEGATIONS

10. Defendants reassert their responses to paragraphs 1 through 9 above in response to Paragraph 10 of Plaintiff's Complaint as set forth fully herein and incorporate same by reference.

11. Defendants deny the allegations in Paragraph 11.  Defendants affirmatively state that GSC-BSA employed Plaintiff as Senior District Executive as an at will employee beginning on or about September 14, 2009.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.  Defendants affirmatively state that Mr. Lyman did contact Plaintiff with legitimate concerns of lack of direction on a project with Ms. Unzueta.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants admit the allegations set forth in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants admit receipt of a letter dated July 10, 2012 from attorney Christopher Orton alleging *inter alia* sexual harassment and assault by Ms. Kitts' supervisor, the Plaintiff, and stating his firm would be representing Ms. Kitts in legal action against Plaintiff as well as GSC-BSA.  Defendants deny all remaining allegations in Paragraph 22.

23. Regarding paragraph 23, Defendants are without sufficient information to admit or deny, and therefore deny the allegations in this paragraph.  Defendants specifically deny any involvement in any alleged "conspiracy."

24. Defendants state  Plaintiff admitted that Ms. Kitts and he engaged in physical activity, including kissing and touching and removal of clothing.  Defendants deny that Ms. Kitts

3

did not express disagreement or disapproval of what occurred at any point.  Defendants are without sufficient information to admit or deny the remaining allegations in this Paragraph 24, and therefore deny same.

25. Regarding paragraph 25, Defendants are without sufficient information to admit or deny, and therefore deny the allegations in this paragraph.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants admit the allegations as set forth in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Regarding paragraph 29, Defendants are without sufficient information to admit or deny, and therefore deny the allegations in this paragraph.  Defendants specifically deny any non-Hispanic employees were treated differently than Plaintiff.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants admit that GSC-BSA has an Employee Handbook with certain personnel policies and procedures, and states that all employees, including Plaintiff, are expected to follow the handbook.  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 31, and therefore deny same.

32. Defendants deny the allegations contained in Paragraph 32.

## COUNT I - VIOLATIONS OF TITLE VII
## REVERSE GENDER DISCRIMINATION

33. Defendants reassert their responses to paragraphs 1 through 32 above in response to Paragraph 33 of Plaintiff's Complaint as set forth fully herein and incorporate same by reference.

34. Defendants admit Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

COUNT II - VIOLATIONS OF TITLE VII

NATIONAL ORIGIN DISCRIMINATION

42. Defendants reassert their responses to paragraphs 1 through 41 above in response to Paragraph 42 of Plaintiff's Complaint as set forth fully herein and incorporate same by reference.

43. Defendants admit Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants admit Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

COUNT III

## BREACH OF AN IMPLIED CONTRACT OF EMPLOYMENT

55. Defendants reassert their responses to paragraphs 1 through 54 above in response to Paragraph 55 of Plaintiff's Complaint as set forth fully herein and incorporate same by reference.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Regarding paragraph 59, Defendants are without sufficient information to admit or deny, and therefore deny the allegations in this paragraph.

60. Regarding paragraph 60, Defendants are without sufficient information to admit or deny, and therefore deny the allegations in this paragraph.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

## DAMAGES

63. Defendants reassert their responses to paragraphs 1 through 62 above in response to Paragraph 63 of Plaintiff's Complaint as set forth fully herein and incorporate same by reference.

64. Defendants deny any damages for lost past, present, and future wages and benefits.

65. Defendants deny any damages for mental, emotional, and psychological distress.

66. Defendants deny any damages for loss of enjoyment of life.

67. Defendants deny any punitive damages for the intentional, willful and wanton conduct of Defendants.

68. Defendants deny any pre- and post-judgment interest.

69. Defendants deny any payment for attorneys' fees and costs.

70. Defendants deny Plaintiff is entitled to any of the relief, including any damages, set forth in the prayer for relief.

71. Defendants deny any allegations not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants had an effective procedure in place for reporting complaints of discrimination; harassment, including sexual harassment; hostile work environment and retaliation. The procedures had been provided and communicated to Plaintiff. It was available and effective, thereby barring Plaintiff's claims.

### Second Affirmative Defense

The actions complained of are not sufficient to constitute a hostile work environment.

### Third Affirmative Defense

Defendants deny any acts occurred that would warrant an award of punitive damages.

### Fourth Affirmative Defense

All actions by Defendants with respect to Plaintiff's employment were in good faith, for legitimate non-discriminatory business purposes, consistent with business necessity, and were justified, reasonable, mandated by law or regulation, or sound business practices.

### Fifth Affirmative Defense

Plaintiff's damages must be reduced, in whole or in part, by his failure to mitigate damages through ongoing employment or otherwise.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or limited by Title VII of the Civil Rights Act of 1964 or other law.

### Seventh Affirmative Defense

If Plaintiff was damaged, which is specifically denied, such damages were the result of an independent intervening cause.

### Eighth Affirmative Defense

Defendants were neither the direct nor the proximate cause of Plaintiff's alleged damages in any Count of the Complaint.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by appropriate statutes of limitation.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver, estoppel, laches, consent or otherwise as a matter of equity.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in part, by his failure to utilize, satisfy and exhaust his internal or administrative remedies.

### Twelfth Affirmative Defense

Plaintiff's employment was at will.

### Thirteenth Affirmative Defense

Defendants reserve their rights to add additional affirmative defenses as may become applicable to this matter.

### REQUEST FOR DISMISSAL

Having thus fully answered, Defendants pray that the Court dismiss the Complaint, and award their fees and costs in defense and all other relief deemed proper.

        Respectfully Submitted,

        KELEHER & McLEOD, P.A.


        */s/  S. Charles Archuleta*
        S. Charles Archuleta
        Benjamin Feuchter
        P.O. Box AA
        Albuquerque, New Mexico 87103
        (505) 346-4646
        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 11, 2013, I filed the foregoing pleading electronically through the CM/ECF System, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael E. Mozes, michael@mozeslawoffice.com


    */s/ S. Charles Archuleta*
S. Charles Archuleta

205096.12360.5