IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS E. MARTINEZ

    Plaintiff,

v.                                                          No. 13-cv-1049  RB/RHS

GREAT SOUTHWEST COUNCIL – BOY
SCOUTS OF AMERICA, THE BOY SCOUTS
OF AMERICA, and CHRIS SHELBY, in his
individual capacity.

    Defendants.

**DEFENDANT CHRIS SHELBY'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Chris Shelby ("Defendant Shelby") moves the Court to dismiss Plaintiff's amended complaint against him for failure to state a claim upon which the Court may grant relief. Plaintiff opposes this motion.

**I.**     **Introduction**

On or about July 8, 2012, Defendant Great Southwest Council ("GSC") received a complaint from its former employee, Hope Kitts, alleging that she had been sexually harassed during her GSC employment by Plaintiff, who was her supervisor. Shortly thereafter, other female GSC employees supervised by Plaintiff also complained to GSC that Plaintiff had behaved in a sexually inappropriate manner toward them.

Because of tensions that had developed between Plaintiff and his GSC supervisors regarding other workplace matters, GSC requested that Defendant Boy Scouts of America ("BSA") assist GSC in investigating these complaints. In the course of this investigation, Plaintiff denied he had sexually harassed any of these employees, but conceded he had been in a consensual romantic relationship with Ms. Kitts. Such relationships between supervisors and

1

subordinates violate GSC policies, employee expectations, and professional employee commitments, and warrant termination.  On July 27, 2012, GSC terminated Plaintiff's employment on this basis.

Plaintiff then filed this lawsuit.  Under Title VII, he claims that (a) he was subjected to a hostile work environment because he is Hispanic, and (b) he was terminated because he is both male and Hispanic.  Under New Mexico common law, he claims that the foregoing conduct also amounted to a breach of an implied employment contract.  *See generally* Doc. 31.

Defendant Shelby is a GSC employee who was one of Plaintiff's supervisors.  *See* Doc. 31 at ¶ 14.  Plaintiff has named Defendant Shelby as a party to this case in his individual capacity, but Plaintiff does not appear to have asserted any claims against Defendant Shelby, or to otherwise to seek any relief from him.  Further, even if Plaintiff had intended to assert his claims against Mr. Shelby, they would lack merit, because (a) Title VII does not provide a cause of action against supervisors in their individual capacities, and (b) Defendant Shelby was not a party to any contract with Plaintiff.  The Court should therefore dismiss Plaintiff's claims against Mr. Shelby, if any, with prejudice.

## II.   Argument

### A.   Plaintiff States No Claims Against Defendant Shelby

Plaintiff named Defendant Shelby as a party to this suit in his individual capacity, and alleges that he engaged in objectionable workplace behavior.  *See* Doc. 31 at ¶¶ 14, 16-18, 20-22, 45-48.  However, Plaintiff's amended complaint does not state any claims specifically against Defendant Shelby.  It recites only that BSA and GSC discriminated against Plaintiff on the basis of his gender, *see id.* at ¶¶ 38-42, that GSC discriminated against Plaintiff because he is Hispanic, *see id.* at ¶¶ 51-55, and that BSA and GSC breached their implied employment

contracts with Plaintiff.  *See id.* at ¶¶ 57-62.  Plaintiff's amended complaint also does not specifically request damages or other relief against Defendant Shelby.  *See id.* at ¶¶ 65-70.  The Court should therefore dismiss Mr. Shelby as a party to this matter pursuant to Rule 12(b)(6).

### B. Plaintiff Cannot State A Claim Against Defendant Shelby

#### 1. Title VII Provides No Cause of Action Against Supervisors

In *Haynes v. Williams*, 88 F.3d 898, 898, 901 (10th Cir. 1996), the Tenth Circuit reiterated the principle that Title VII imposes statutory liability only on employers, and does not provide a remedy against supervisory employees in their individual capacities.  *See id.*  This principle remains the law today, *see*, *e.g.*, *Benton v. Town of South Fork*, 2014 U.S. App. Lexis 18280, * 5 (10th Cir. Sep. 24, 2014), and has been specifically recognized by this Court.  *See*, *e.g.*, *Padilla v. Davis Selected Advisors, L.P.*, 1998 U.S. Dist. Lexis 23752, * 5 (D.N.M. May 8, 1998) (Conway, J.).

Here, Plaintiff alleges – and it is undisputed – that Defendant Shelby was his supervisor, rather than his employer.  Accordingly, Plaintiff may not sue Defendant Shelby under Title VII, and if Plaintiff intended to assert such a claim, the Court should dismiss it with prejudice.

#### 2. Plaintiff Cannot Sue Defendant Shelby for Breach of Implied Contract

Under New Mexico law, implied employment contracts may arise between employees and their employers.  *See*, *e.g.*, *Gonzales v. City of Albuquerque*, 701 F.3d 1267, 1272 (10th Cir. 2012) (noting theory behind claim is that implied contract restricts employer's ability to discharge employee at will).  Plaintiff does not allege that Defendant Shelby was his employer, so Plaintiff may not pursue a claim of this nature against him.  Plaintiff also may not sue Defendant Shelby individually with respect to any actions Defendant Shelby may have taken with respect to the contract alleged to exist between Plaintiff and GSC, because any such actions

would have been in Defendant Shelby's capacity as an agent of GSC.  *See Salazar v. Furr's, Inc.*, 629 F. Supp. 1403, 1410 (D.N.M. 1986).  Thus, to the extent Plaintiff intended to assert a contract-related claim, the Court should dismiss it with prejudice.

### III.     Conclusion and Prayer

For the foregoing reasons, the Court should dismiss Plaintiff's claims against Defendant Shelby, if any, with prejudice, and the Court should award attorney's fees, costs of defense, and any further relief deemed just and proper to Defendant Shelby.

> Respectfully submitted,
>
> KELEHER & McLEOD, P.A.
>
>
> By:     */s/ S. Charles Archuleta*
>           S. Charles Archuleta
>           Benjamin F. Feuchter
>           P.O. Box AA
>           Albuquerque, New Mexico  87103
>           Telephone:  (505) 346-4646
>           Facsimile:  (505) 346-1370
>           *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2014, I filed the foregoing pleading electronically through the CM/ECF System, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael E. Mozes, michael@mozeslawoffice.com


      */s/ S. Charles Archuleta*
S. Charles Archuleta


4832-3624-5279, v. 1